UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HENRY M. ROBINSON, JR.                    CIVIL ACTION NO. 18-cv-0319

VERSUS                                    JUDGE DOUGHTY

STATE OF LOUISIANA, ET AL                 MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Henry M. Robinson, Jr. ("Plaintiff"), who is self-represented, commenced this action. It appears that the only relief he requests is an extension of the limitations or prescription periods that apply to claims he might assert against police and other persons associated with his arrest and pending criminal prosecution in Bossier Parish. For the reasons that follow, it is recommended that the complaint be dismissed.

### Relevant Facts

Plaintiff commenced this action by filing a Pro Se 1 complaint form provided by the court. Plaintiff listed the State of Louisiana in the caption as the defendant, but he did not complete any other parts of the form except to refer to attached papers. Those papers include police reports, court minutes, and other documents that indicate Plaintiff was arrested on March 11, 2017 on charges of domestic abuse battery, disturbing the peace while drunk, and simple criminal damage to property. The arrests stemmed from a complaint from Plaintiff's girlfriend that Plaintiff had physically attacked her and a complaint from the manager of a Bossier City motel that Plaintiff had damaged a television.

Court minutes reflect that, as of when the complaint was filed, trial was set on the charges for April 11, 2018.

Plaintiff attached to the complaint form a two-page letter that is the only part of his filing that suggests what relief he is seeking. Plaintiff wrote in the letter that he is "filing for extension of time to file his Pro Se litigate of said charges from all parties in said arrest of copies attached to this." Plaintiff stated that he was "filing for a thirty (30) day to one (1) year extension to file said complaint - lawsuit." Plaintiff made references to several persons, including the sheriff, his appointed attorney, the Bossier City mayor, the governor, and the motel manager. It appears that Plaintiff is asking the court for an extension of the limitations periods to file a civil action against the several persons associated with his arrest and criminal charges.

**Analysis**

It is not clear what claims Plaintiff may wish to present, but tort claims under Louisiana law or federal civil rights violations under 42 USC § 1983 are the most common claims asserted in similar settings. Louisiana law allows one year from an event to file a tort suit. La. Civ. Code art. 3492. "The statute of limitations for section 1983 is supplied by state law, so Louisiana's one year prescriptive period applies." Heath v. Bd. of Supervisors for Southern University, 850 F.3d 731, 739 (5th Cir. 2017), citing Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989). Most such claims (e.g., false arrest or excessive force) accrue at the time of the arrest, while a claim such as malicious prosecution may not accrue until such time as criminal charges are resolved. Winfrey v. Rogers, 882

F.3d 187, 196-197 (5th Cir. 2018); Humphreys v. City of Ganado, 467 F. App'x 252, 255-256 (5th Cir. 2012).

There are various jurisprudential rules that may delay or toll a statute of limitations. "State tolling law is applicable in a § 1983 action if it is not inconsistent with federal law or policy." Broussard v. Brown, 599 F. App'x 188 (5th Cir. 2015). Louisiana law includes the doctrine of contra non valentem, which provides that prescription does not run against one who is unable to act. But it does not apply merely because the plaintiff is in jail or facing charges. McGuire v. Larpenter, 592 Fed. App'x. 272 (5th Cir. 2014).

Those tolling principles may be applied if an actual claim is asserted and a timeliness defense is raised, but a federal court does not have authority to simply extend a statute of limitation based on the request of a party. Patron v. Quarterman, 2008 WL 4449552, *3 (M.D. Tex. 2008) (court could not extend limitations period to file habeas petition); Ramirez v. Enviro Tank Equipment, 2009 WL 2143437, *2 (S.D. Tex. 2009) (court could not extend limitations period for filing Title VII suit). The court therefore lacks authority to grant the only relief requested by Plaintiff in this filing.

Plaintiff may have already waited too late to file certain claims related to his arrest and criminal charges. But the court cannot say so for sure because Plaintiff has not yet attempted to set forth any actual claim against any particular defendant. If Plaintiff does so in a future civil action, he may have to overcome a limitations defense. It is premature to speculate about such matters at this time, and the court lacks authority to grant an extension of the limitations period in advance.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of May, 2018.



Mark L. Hornsby
U.S. Magistrate Judge